1

2

3

4 **UNITED STATES DISTRICT COURT**

5 EASTERN DISTRICT OF CALIFORNIA

6

7 KIRELL TAYLOR,                                    CASE NO. 1:07-CV-240 AWI DLB PC

               Plaintiff,               ORDER DENYING MOTION FOR STAY

8

9     v.                                          FINDINGS AND RECOMMENDATIONS
RECOMMENDING  DEFENDANT'S
COMPLAINT BE DISMISSED WITHOUT

10                                                  PREJUDICE

11 T. HEDGRPATH et al.,                            OBJECTIONS DUE IN THIRTY DAYS

12              Defendants.               (Doc. 5)

                                    /

13

14 I.   Screening Order

15      A.   Screening Requirement

16     Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action

17 pursuant to 42 U.S.C. § 1983.  Plaintiff filed a complaint on February 14, 2007, alleging that funds

18 that had been sent to him in the mail were never deposited into his prisoner trust account by prison

19 officials.  On February 28, 2007, plaintiff filed a motion for stay requesting that his case be held in

20 abeyance so that he could exhaust his administrative remedies.

21     The court is required to screen complaints brought by prisoners seeking relief against a

22 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

26 "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

27 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

28 claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

1      B.      <u>Legal Standard</u>

2      Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

3 respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

4 confined in any jail, prison, or other correctional facility until such administrative remedies as are

5 available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available

6 administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney

7 v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief

8 sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S.

9 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life,

10 Porter v. Nussle, 435 U.S. 516, 532 (2002).

11      C.      <u>Discussion</u>

12      The California Department of Corrections has an administrative grievance system for

13 prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting

14 a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal

15 level, first formal level, second formal level, and third formal level, also known as the "Director's

16 Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being

17 appealed, and the process is initiated by submission of the appeal to the informal level, or in some

18 circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section

19 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to

20 filing suit. Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

21      Plaintiff indicates in his motion for stay that he has not exhausted his administrative

22 remedies. See ,Doc. #5. Since exhaustion of administrative remedies is required, it is recommended

23 that plaintiff's case be dismissed without prejudice rather than stayed since he may be able to resolve

24 his case through the administrative process. Plaintiff may file another complaint if he exhausts his

25 administrative remedies and is not satisfied with the result.

26      Plaintiff is advised that "Rule 8(a)'s simplified pleading standard applies to all civil actions,

27 with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema

28 N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must

1   contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."

2   Fed. R. Civ. Pro. 8(a).   "Such a statement must simply give the defendant fair notice of what the

3   plaintiff's claim is and the grounds upon which it rests."   Swierkiewicz, 534 U.S. at 512.   A court

4   may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that

5   could be proved consistent with the allegations.  Id. at 514.  "'The issue is not whether a plaintiff will

6   ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed

7   it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not

8   the test.'"   Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416

9   U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings

10  need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin,

11  262 F.3d 871, 977 (9th Cir. 2001))).   However, "the liberal pleading standard . . . applies only to a

12  plaintiff's factual allegations."   Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).   "[A] liberal

13  interpretation of a civil rights complaint may not supply essential elements of the claim that were not

14  initially pled."   Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting

15  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

16          Plaintiff is also advised that the Civil Rights Act under which this action was filed provides:

17                  Every person who, under color of [state law] . . . subjects, or causes
                    to be subjected, any citizen of the United States . . . to the deprivation
18                  of any rights, privileges, or immunities secured by the Constitution .
                    . . shall be liable to the party injured in an action at law, suit in equity,
19                  or other proper proceeding for redress.

20  42 U.S.C. § 1983.   The statute plainly requires that there be an actual connection or link between the

21  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell

22  v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).   The

23  Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right,

24  within the meaning of section 1983, if he does an affirmative act, participates in another's

25  affirmative acts or omits to perform an act which he is legally required to do that causes the

26  deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).   In

27  order to state a claim for relief under section 1983, plaintiff must link each named defendant with

28  some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

3

1    In the current complaint, plaintiff lists T. Hedepath, the Warden of Kern Valley State Prison,

2  and six other individuals who plaintiff identifies as John Doe as defendants. The plaintiff's

3  complaint fails to articulate a constitutional basis for his claim and it does not link a specific person

4  to the alleged conduct.  The court is not dismissing the complaint on that basis, but is merely

5  advising the plaintiff that he should keep the above principals in mind if he files a second complaint.

6  D.    Conclusion

7    Based on the foregoing, the court HEREBY ORDERS that plaintiff's motion for stay be

8  DENIED.

9    The court FURTHER RECOMMENDS that plaintiff's complaint be dismissed without

10  prejudice for failure to exhaust administrative remedies.  These Findings and Recommendations will

11  be submitted to the United States District Judge assigned to the case, pursuant to the provisions of

12  Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and

13  Recommendations, the parties may file written objections with the court.  The document should be

14  captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are

15  advised that failure to file objections within the specified time may waive the right to appeal the

16  District Court's order.  Martinez v. Yist, 951 F.2d 1153 (9th Cir. 1991).

17

18    IT IS SO ORDERED.

19   **Dated:    September 12, 2007**                    **/s/ Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

4